**RICHARD J. BOESEN**
California State Bar No. 056579
1230 Columbia Street, Suite 650
San Diego, California 92101
Telephone No. (619) 233-5121

Attorney for Defendant John W. Schuh

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN W. SCHUH, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Criminal No. 08CR0682-JLS <br><br> Date: April 18, 2008 <br> Time: 1:30 p.m. <br><br> **NOTICE OF MOTIONS AND MOTIONS TO:** <br><br> **1) PRODUCE DISCOVERY; AND** <br> **2) FILE FURTHER MOTIONS.** |

TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
     STEVE MILLER, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on Friday, February 17, 2004, at 1:30 p.m., or as soon thereafter as counsel may be heard, defendant, John W. Shuh, by and through his attorney, Richard J. Boesen, will ask this Court to enter an order granting the motions listed below.

//
//
//
//
//
//
//

**MOTIONS**

1  Defendant, John W. Shuh, by and through his attorney, Richard J. Boesen, pursuant to the
2 United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case
3 law and local rules, hereby moves this Court for an order:
4  (1) compelling the production of discovery; and
5  (2) allowing the filing of further motions.
6  These motions are based upon the instant motions and notice of motions, the attached
7 statement of facts and memorandum of points and authorities, and any and all other materials that may come
8 to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

s/Richard J. Boesen

Dated: March 27, 2008

RICHARD J. BOESEN
Attorneys for Mr. Schuh

RICHARD J. BOESEN
California State Bar No. 056579
1230 Columbia Street, Suite 560
San Diego, California  92101
Telephone No. (619) 233-5121

Attorney for Defendant John W. Shuh

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 08CR0682-JLS |
| Plaintiff, ) | |
| v. ) | **STATEMENT OF FACTS AND** |
| JOHN W. SCHUH, ) | **MEMORANDUM OF POINTS** |
| Defendant. ) | **AND AUTHORITIES IN SUPPORT** |
| ) | **OF DEFENDANT'S MOTIONS** |

**PRELIMINARY STATEMENT**

To date, Mr. Schuh has received limited discovery from the government. On March 13, 2008, an indictment was filed charging Mr. Schuh with violations of Title 18 United States Code, Sections 371; 1324 (a) (2) (B) (ii); 1324 (a) (1) (A) (ii) and (v) (I); 1324 (a) (2) (B) (ii); 1324 (a) (1) (A) (ii) and (v) (II); and 18 United States Code Section 2.

**I**

**THE COURT SHOULD ORDER THE PRODUCTION OF DISCOVERY**.

Mr. Schuh makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

1        (1) <u>Statements</u>.  The government must disclose: (1) copies of any written or recorded statements made by Mr. Schuh; (2) copies of any written record containing the substance of any statements made by Mr. Schuh in response to interrogation by a known government agent; and (3) the substance of any statements made by Mr. Schuh which the government intends to use, for any purpose, at trial.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(A).

       (2) <u>The Defendant's Prior Record</u>.  Mr. Schuh requests disclosure of his prior record.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(B).  He also requests that the Court prohibit the use for criminal history purposes under the United States Sentencing Guidelines of any prior convictions not produced pursuant to this request.

       (3) <u>Documents and Tangible Objects</u>.  Mr. Schuh requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him.  <u>See</u> Fed. R. Crim. P. 16(a)(1)©.

       (4) <u>Reports of Scientific Tests or Examinations</u>.  Mr.Schuh requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(D).

       (5) <u>Expert Witnesses</u>.  Mr. Schuh requests the name and qualifications of any person that the government intends to call as an expert witness.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(E).  In addition, Mr. Schuh requests written summaries describing the bases and reasons for the expert's opinions.  <u>See id.</u>

       (6) <u>Brady Material</u>.  Mr. Schuh requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment.  <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  Impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Schuh requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct.  <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976). In addition, Mr. Schuh requests any evidence tending to show that a prospective government witness: (I) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

       (7) <u>Request for Preservation of Evidence</u>.  Mr. Schuh specifically requests the preservation

of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(8) <u>Any Proposed 404(b) Evidence</u>. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Schuh requests such notice immediately in order to allow for adequate trial preparation.

(9) <u>Henthorn Material</u>. Mr. Schuh requests that the prosecutor review the personnel files of the officers involved in his arrest, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. See <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in camera</u> inspection.

(10) <u>Jencks Act Material</u>. Mr. Schuh requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. In addition, Jencks statements must be produced at a suppression hearing. See Fed. R. Crim. P. 12(I) and 26.2(g). Mr. Schuh requests production of such material before any suppression hearing in order to avoid delay at the hearing, as would be permitted pursuant to Rule 26.2(d).

(11) <u>Informants and Cooperating Witnesses</u>. Mr. Schuh requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). Mr. Schuh also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(12) <u>Residual Request</u>. Mr. Schuh intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Schuh requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

## II.

## THE COURT SHOULD SET ANOTHER MOTION HEARING DATE.

Mr. Schuh anticipates filing several other motions, including motions to dismiss the indictment based on constitutional errors. He obviously anticipates that numerous issues will arise when he reviews that discovery.

## **CONCLUSION**

For the foregoing reasons, Mr. Schuh respectfully requests that the Court grant the above motions.

Respectfully submitted,

s/Richard J. Boesen

Dated:   March 27, 2008.

RICHARD J. BOESEN
Attorney for Defendant
John W. Schuh

4                                                                 08CR0682

PROOF OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, Richard J. Boesen, am a citizen of the United States and am at least eighteen years of age. My business address is 1230 Columbia Street, Suite 650, San Diego, California 92101.

I am not a party to the above- entitled action. I have caused service of the DEFENDANT'S MOTION FOR DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Steven.Miller2@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2008.

               s/ Richard J. Boesen
               **RICHARD J. BOESEN**
                **Attorney at Law**